## C. F. HOVEY CO. v. UNITED STATES.
### No. J—673.

Court of Claims.
Nov. 4, 1935.

For former opinion, see 11 F. Supp. 219.

William P. Smith, of Washington, D. C., for plaintiff.

Elizabeth B. Davis, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Argued before BOOTH, Chief Justice, and GREEN, WHALEY, WILLIAMS, and LITTLETON, Judges.

GREEN, Judge.

Before passing on the motion for new trial, two amendments should be made in the findings. The date "December 27, 1933," in finding 5 should be "December 27, 1923." Finding 11 is not complete, as it does not show definitely that the certificates signed by the Commissioner fixed the amount of plaintiff's liability. An order will be entered amending the findings, making the correction in the date referred to above, striking out the first sentence of finding 11, and inserting in lieu thereof: "On December 11, 1926, as a result of the decision of the Board of Tax Appeals, the Commissioner of Internal Revenue signed certificates of overassessment which stated the amounts thereof for the fiscal years 1918, 1919, and 1920 to be $4,848.06, $196.92, and $75.86, respectively, and fixed the tax liability of plaintiff for each of said years accordingly."

To avoid any misconstruction of the opinion, the salient facts of the case will be restated:

Plaintiff's claims for refund were all rejected May 13, 1925. Prior to this re-

jection the plaintiff had twice stated that it withdrew all of the claims which it had made except that based upon the failure to allow anything for good will. After the rejection of the claims, plaintiff took an appeal to the Board of Tax Appeals on the question of the allowance of good will alone. On this point its appeal was successful as to the years 1918 and 1920, no appeal having been taken as to 1919. A recomputation was made of the taxes for all three years in accordance with the decision of the Board and subsequently a refund paid to plaintiff of the amount found to be due.

■ The original opinion stated in substance that there was no application pending for reconsideration of plaintiff's claims for refund when action was taken rejecting them. In the motion for new trial it is claimed that this is erroneous as plaintiff filed its application for reconsideration on February 7, 1927, and the schedule of refunds and credits was not issued until February 24, 1927. The schedule of refunds and credits is issued to authorize credits to be made or the payment of refunds previously allowed. It is sufficient evidence that an overassessment has been made and a refund allowed if nothing else appears, but the evidence may show, as it does in this case, that action was taken on the claim for refund before the schedule of refunds and credits was issued. Finding 11 recites in accordance with the stipulation of the parties that on December 11, 1926, the Commissioner of Internal Revenue signed certificates of overassessment which stated the amount of the overassessment and fixed the amount of plaintiff's tax liability for each of the years in controversy. Ordinarily, the Commissioner does not sign such certificates but it is immaterial. Under our rulings in the case of Savannah Bank & Trust Co. v. United States, 58 F.(2d) 1068, 75 Ct. Cl. 245, and other cases, it was sufficient if the plaintiff was notified by this document of the status of its claim regardless of whether the notice was signed by the Commissioner. We have also held repeatedly that where a statement is issued showing how much of plaintiff's claim is allowed, this constitutes a rejection of the balance of the claim. Later the Commissioner authorized the payment of the overassessments by signing a schedule of refunds and credits, but the fact that this schedule was not issued until after plaintiff had filed its claim for reconsideration is immaterial in view of the fact that the claims had previously been passed upon and the proper amount of its taxes determined. When the certificates of overassessment were issued, all claims other than that for allowance on account of good will had been withdrawn and by reason thereof, even if it can be said that the Commissioner reconsidered plaintiff's claims on the matter of good will, the other claims were not reopened.

It is urged in the motion for new trial that the taxes for 1919 stand on a different footing, for the reason that no appeal was taken for that year to the Board of Tax Appeals and consequently the time for filing refund claims had expired. Upon this basis it is argued that the Commissioner could not take any action whatever with reference to the claim without reconsidering the whole of it. We think it clear that the situation with reference to the claim for refund for the year 1919 is substantially the same as it is for the other years. The plaintiff had waived all of its claims for that year except as based upon good will. While the lapse of time prevented that part of the claim from being enforceable, plaintiff still had a claim in the Commissioner's office for allowance of good will, but it had nothing else at the time when the Commissioner voluntarily made this allowance and computed the refund. Under the facts in the case, we think it clear that the only thing reconsidered by the Commissioner was the allowance for good will and that he did not reopen that part of the claim which had been withdrawn.

In view of our holding that the claims of the plaintiff were acted upon on December 11, 1926, it is not necessary to determine whether this action, which was not commenced until December 11, 1928 (more than five years after the taxes had been paid), was begun within two years after the rejection of the claims as required by the statute (28 USCA § 282).

It is clear that plaintiff's motion for new trial should be overruled and it is so ordered.